IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO E. AMADOR,<br><br>         Plaintiff<br><br>         v.<br><br>OFFICEMAX PUERTO RICO, INC., et al.,<br><br>         Defendants | CIVIL NO. 08-1579 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant OfficeMax Puerto Rico, Inc.'s ("OfficeMax") motion to dismiss the third party counterclaim against it (**No. 56**). Said third party counterclaim was filed by Third Party Defendant, Dr. Sixto Febus ("Febus"). Also before the Court is Febus' opposition to OfficeMax's motion to dismiss (No. 63). For the reasons stated herein, OfficeMax's motion to dismiss is hereby **DENIED**.

**I.   FACTUAL ALLEGATIONS**

Plaintiff Antonio Amador ("Amador") filed the instant lawsuit pursuant to the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq.*, and Puerto Rico law, alleging that Defendants illegally displayed, reproduced and sold his photographs without crediting his name or paying him for his work. Plaintiff Amador is a professional photographer who specializes in photographing the Puerto Rican landscape. He registered his photographs in the United States

CIVIL NO. 08-1579 (JP)           -2-

Copyright Office in Washington, D.C.  Plaintiff specifically alleges that Museo Dr. Sixto Febus, Douglas Martí, Zaida Martí, Rebecca Martí and Comedores de Jesús, Inc., d/b/a Galería Doumar, illegally made derivative works from two of Plaintiff's photographs, then made copies and sold them to Defendant OfficeMax.  Plaintiff alleges that OfficeMax then illegally displayed, publicly exhibited, and re-sold his images in its stores across Puerto Rico.  Plaintiff alleges that Defendants never obtained authorization or consent from Plaintiff to display, use or sell his works.

Defendant OfficeMax then filed a third party complaint against Febus (No. 19) and others, alleging, *inter alia*, that Febus, doing "business as Doctor Sixto Febus Museum," had issued certificates of authenticity on the two images that Plaintiff alleges to have infringed his copyrighted works.  Further, OfficeMax alleges that Febus engaged in a conspiracy with Defendant Douglas Marti to defraud OfficeMax into purchasing materials that infringe federal copyright laws.  Finally, OfficeMax alleges that the Dr. Sixto Febus museum operates with the consent and name of Third Party Defendant Febus, who along with the help of his nephew Raúl Rosado[1], endorses and allows acts of fraud such as those alleged by Plaintiff Amador.

In response, Febus filed a third party counterclaim (No. 53) against OfficeMax, claiming that the third party complaint against

---

1.   OfficeMax also filed a third party complaint against Raul Rosado (No. 27).

CIVIL NO. 08-1579 (JP)            -3-

Febus is an abuse of process, vicious and frivolous. Febus is a ninety year old citizen of Puerto Rico and a renowned painter. Febus states that he has no control over the museum, and that OfficeMax could have easily verified this fact before filing its Third Party Complaint.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 08-1579 (JP)            -4-

### III. **ANALYSIS**

OfficeMax moves to dismiss Febus' counterclaim against it, arguing that Febus' counterclaim is frivolous and was filed without adequate research of existing law.  OfficeMax argues that vicarious liability could be imposed against Febus on the theory of apparent authority, given the facts that have been claimed in the pleadings thus far, and therefore its third party complaint against Febus was not filed as an abuse of process, viciously or frivolously.  The Court will now consider OfficeMax's arguments.

Under general rules of agency law, principals are held liable when their agents act with apparent authority.  Torres v. National Ass'n of Underwater Instructors, 928 F. Supp. 134, 139 (D.P.R. 1996) (citing American Soc. of M.E.'s v. Hydrolevel Corp., 456 U.S. 556, 565-66 (1982)).  The theory of vicarious liability through apparent authority is recognized by Puerto Rico law.  Torres, 928 F. Supp at 139 (citations omitted). Regarding apparent authority, the United States Court of Appeals for the First Circuit has stated:

> Under Puerto Rico law, an apparent principal may be held liable for the acts of its apparent agent where the apparent principal's actions "led the plaintiffs to reasonably believe [in its] representation" of authority and control over the apparent agent, through the apparent principal's conduct,  including its "silence, evasive language and appearances.

Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 293 (1st Cir. 1999) (internal quotations omitted).  Accordingly, the doctrine of apparent authority applies when: (1) a plaintiff trusted

CIVIL NO. 08-1579 (JP)          -5-

in "good faith" in the conduct before him, and (2) said trust could lead a reasonable individual to believe that in fact there was a principal-agent relationship. Govt of the Fed'n of St. Christopher & Nevis v. Detroit Diesel Corp., 368 F. Supp. 2d 155, 159 (D.P.R. 2005) (citing Berríos Pagán v. Universidad de P.R., 16 P.R. Offic. Trans. 112, 122, 116 P.R. Dec. 88 (1985)). The concept of apparent authority depends on the state of mind of the plaintiff and the acts of the person claiming the agency. Green v. Dávila, 392 F. Supp. 533, 536 (D.P.R. 1975).

OfficeMax claims that it relied in good faith on the representations of Museo Dr. Sixto Febus, believing that the renowned artist, Third Party Defendant Febus, authorized the museum to use his name, and therefore Febus is vicariously liable to OfficeMax for any damages that arise as a result of Plaintiff Amador's lawsuit. Specifically, the museum allegedly issued "certificates of authenticity" regarding the works at issue, which bear Febus' name. Third Party Defendant Febus essentially argues that he has no control over the museum and reaps no benefits from it, and that a reasonable person would know that there was no principal-agent relationship between Febus and the museum that bears his name.

Further, Febus draws the Court's attention to a letter produced in discovery and written by José Lebrón-Durán, Esq., counsel for Defendant Comedores de Jesús, Inc., d/b/a Galería Doumar, dated July 8, 2008. Said letter clarifies that Museo Dr. Sixto Febus does not

CIVIL NO. 08-1579 (JP)            -6-

belong to Third Party Defendant Febus, but rather carries the name of the artist with his permission. The letter also states that Febus does not have any participation in the museum, nor does he receive any economic benefits from it. The museum belongs to Galería Doumar, which in turn belongs to Comedores de Jesus, Inc., a non-profit organization devoted to feeding needy children.

Febus argues that OfficeMax had a copy of this letter, and yet continued to prosecute its lawsuit against Third Party Defendant Febus, despite the fact that Febus had no control over the actions of the museum bearing his name. As such, Febus claims that OfficeMax's third party complaint against it is an abuse of process. This Court has held that the elements of abuse of process are ulterior motive and abuse of a judicial procedure. Boschette v. Bach, 916 F. Supp. 91, 97 (D.P.R. 1996) (Pieras, J.) (citing Restatement (Second) of Torts § 682 (1977)). In other words, abuse of process is the misuse of process for any purpose other than that which it was designed to accomplish. Id.

This case presents a unique issue of law, and the Court has not been able to find clear precedent within this jurisdiction regarding the same. When a famous individual gives permission for the use of his name at an institution in the field of his expertise, can he then be held vicariously liable as a principal for the acts of the museum under the doctrine of apparent authority, even when he has no control over the museum's operations and receives no remuneration from the

CIVIL NO. 08-1579 (JP)          -7-

same?  In the case at bar, we are dealing with a perhaps rare instance where the namesake of a museum is also an artist (in the same field as the museum) and is alive at the time of the incident giving rise to the lawsuit.  OfficeMax asks the Court to believe that it relied on the representation of Febus as to the authenticity of the photographic works at issue because the museum bears Febus' name.  We find this position to be a stretch, but at this early stage of the litigation, it is not untenable.

However, given the facts presented by Febus, the Court also finds that his counterclaim for abuse of process and frivolousness may bear weight, especially in light of OfficeMax's current knowledge that Febus has no control over the decisions of the museum, nor does he receive any remuneration from its financial successes.  Therefore, the Court **DENIES** OfficeMax's motion to dismiss the counterclaim against it at this stage of the proceedings.

**IV. CONCLUSION**

In conclusion, OfficeMax's motion to dismiss the third party counterclaim filed by Third Party Defendant Febus is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of April, 2009.

                                           s/Jaime Pieras, Jr.
                                           JAIME PIERAS, JR.
                          U.S. SENIOR DISTRICT JUDGE